UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMEKIA DORITHA COTTON,

        Plaintiff,

v.

        Case No. 24-cv-1475-pp

HERITAGE SQUARE HEALTH CARE,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

On November 15, 2024, the plaintiff—who is representing herself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. The complaint alleges that the defendant (the plaintiff's former employer) wrongfully terminated the plaintiff in October 2023. Dkt. No. 1 at 2–3. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee but will require the plaintiff to file an amended complaint.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose her financial condition and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to

1

proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit states that she is unmarried with one dependent that she supports. Dkt. No. 2 at 1. She avers that she is unemployed and lists her total monthly wages or salary at $0.00. Id. at 1–2. The plaintiff receives $848 per month in Social Security and $83 per month from the state of Wisconsin. Id. at 2. The plaintiff's income is offset by her reported $2,198 in monthly expenses. Id. at 1–2. This includes $700 in rent, $200 in alimony or court-ordered child support, $300 in credit card payments, $150 in other household expenses and $848 in support for her dependent son. Id. The plaintiff states that she does not own a car or any property of value. Id. at 3–4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant her motion for leave to proceed without doing so. The court advises the plaintiff, however that she still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as she is able.

**II. Screening the Complaint**

    A.    <u>Legal Standard</u>

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed" by the court. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Id.</u>

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. <u>Id.</u> at 663-64.

B. The Complaint

The complaint states that the plaintiff worked for the defendant as a "laundry/housekeeper" employee from March 2023 through October 2023. Dkt. No. 1 at 2. It alleges that she experienced "work place bull[y]ing and [discrimination]" from another employee at approximately 12:00 noon on October 14, 2023. Id. The complaint asserts that "by law," she was "off the clock" during her scheduled break, when another employee approached her "with High aggression stating 'where are the residents clothes at!'" Id. at 3. The complaint explains that the plaintiff brought out personal property at 1:30 and that just then, she was on break; it asserts that the employee responded in an angry tone, "what the [expletive] do you mean the residents clothes would not be ready until 1:30 P.M.?" Id. The plaintiff states that as an employee of the defendant, the other employee was aware that clothes and linen did not come out of the laundry until 1:30; she says there was an exchange during which she told the other employee to "leave [her] alone and calm down I am on break." Id.

The complaint alleges that the onsite supervisor observed this interaction and called in the laundry supervisor, but that "neither supervisor" received a statement from the plaintiff, or asked her to write one, regarding what had happened. Id. The plaintiff states that she was sent home for the day. Id. The plaintiff alleges that when she returned to work on October 16, 2023, human resources "reviewed the issue without [her] statement." Id. She says that "[n]o write out was issued" and that she was terminated. Id.

4

The plaintiff did not mark a box in the portion of the complaint asking her to state whether she is suing under federal or state law. Id. at 4. For relief she seeks reinstatement to her position and/or "lost wages and damages due to [suffering], stress, and [an] unfair decision." Id. at 4.

C. Analysis

The plaintiff does not identify the law under which she is suing the defendant. There are several claims the plaintiff might be trying to bring regarding her termination. She states that she suffered "work place bull[y]ing and discrimination," id. at 2, which could suggest a claim of discrimination under Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), and/or the Age Discrimination in Employment Act (ADEA). Under any of these statutes, the plaintiff first must establish a *prima facie* case of discrimination by alleging that "(1) she is a member of a protected class, (2) her job performance met [the employer's] legitimate expectations, (3) she suffered an adverse employment action, and (4) another similarly situated individual who was not in the protected class was treated more favorably than the plaintiff." Burks v. Wis. Dep't of Transp., 464 F.3d 744, 750–51 (7th Cir. 2006) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)) (Title VII); Brooks v. Avancez, 39 F.4th 424, 433–34 (7th Cir. 2022) (citations omitted) (using the same test to establish a *prima facie* case under the ADEA and ADA)).

The plaintiff has not alleged the first element of the *prima facie* case under any of the three statutes because she has not alleged that she is a member of a protected class. Title VII prohibits discrimination based on "race,

color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a). The ADEA protects workers who are forty years old and older. Tyburski v. City of Chicago, 964 F.3d 590, 598 (7th Cir. 2020). The ADA only applies to individuals with a disability, which is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [the] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §12102(2). The complaint does not identify the plaintiff's age, race, color, religion, sex or national origin, nor does it provide enough information for the court to determine whether the plaintiff has a covered disability.

Although termination is an adverse employment action sufficient to establish the third element of the *prima facie* case, the plaintiff also has not alleged the second and fourth elements of the *prima facie* case. She has not alleged that her job performance was meeting the defendant's legitimate expectations (although she implies that it was routine for the laundry to come out at 1:30) or that another similarly situated individual who was not a member of a protected class was treated more favorably than she under similar circumstances. Without more facts, the court cannot conclude that the complaint states a claim for discrimination under Title VII, the ADEA or the ADA.

The plaintiff may be trying to bring a wrongful discharge claim under state law. Wisconsin follows the employment-at-will doctrine, which means that an employer may terminate an employee "for good cause, for no cause, or

6

even for cause morally wrong, without being thereby guilty of legal wrong." Brockmeyer v. Dun & Bradstreet, 113 Wis. 2d 561, 567 (1983) (internal quotation marks omitted). But there is a narrow exception to this doctrine under which "an employee has a cause of action for wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law." Id. at 572–73. The plaintiff must identify a fundamental and well-defined public policy sufficient to trigger the exception and then demonstrate that her termination violated that policy. Strozinsky v. Sch. Dist. of Brown Deer, 237 Wis. 2d 19, 40 (2000).

The plaintiff has not pled either element required for a Wisconsin wrongful discharge claim. Even if she had, she has not pled sufficient facts to allow this court to determine whether it has jurisdiction over a *state-law* claim. Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts do not have jurisdiction to hear and decide lawsuits alleging violations of state law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or the state-law claims relate to a federal-law claim.

7

The court cannot determine whether there is complete diversity between the parties. The plaintiff identifies herself as a citizen of Wisconsin. Dkt. No. 1 at 1. A corporate records search with the Wisconsin Department of Financial Institutions shows that there is no company registered to do business in Wisconsin under the name "Heritage Square Health Care Center." See https://apps.dfi.wi.gov/apps/corpSearch/Search.aspx. The website https://heritagesquarehcc.com/ indicates that Heritage Square Health Care Center in Greendale, Wisconsin is a "member of Bedrock Healthcare." There is a domestic limited liability company named "Bedrock HCS at Greendale LLC" registered to do business in Wisconsin. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) (citing Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007)). Even assuming that "Bedrock HCS at Greendale LLC" is the proper defendant (and the court does not know if it is), the court cannot determine whether diversity jurisdiction exists without knowing the citizenship of each of the members of that LLC. Further, the complaint does not specify what damages the plaintiff seeks, so the court cannot determine whether there is greater than $75,000 in controversy. If the plaintiff meant to bring *only* a state-law wrongful discharge claim, she did not include enough information in the complaint to establish the court's jurisdiction to hear such a claim.

**III. Miscellaneous**

For these reasons, the court must dismiss the plaintiff's complaint, but it will do so "without prejudice." That means that the plaintiff may, if she chooses to, file an amended complaint by the deadline the court will set below. If the plaintiff decides to file an amended complaint, there are several things she should keep in mind. First, an amended complaint "supersedes," or takes the place of, the original complaint. Flanner v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004). That means that the plaintiff must include in the amended complaint all the facts supporting her claims; she cannot simply tell the court to go back and look at what she alleged in her original complaint. The court is including a blank amended complaint form with this order. The plaintiff must use this form in preparing her amended complaint. She must put the case number for this case—Case No. 24-cv-1475—in the space provided for a case number. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of her claims; if that is not enough space, she may use up to three additional, double-spaced pages. Again, the amended complaint must be complete in itself. It may not refer the court back to allegations in the original complaint.

If the plaintiff elects to file an amended complaint, she must file it in time for the court to *receive* it by the deadline the court sets below. If the court does not receive an amended complaint by that deadline, the court will dismiss this case with prejudice and without further notice or hearing.

9

### IV. Conclusion

The court **GRANTS** the plaintiff's motion to proceeding without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, then by the end of the day on **March 7, 2025**, she must file an amended complaint. The plaintiff must send the amended complaint in time for the court to *receive* it by the end of the day on March 7, 2025. If the court does not receive an amended complaint, or a motion asking for additional time to file one, by the end of the day on March 7, 2025, the court will dismiss this case with prejudice for failure to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 5th day of February, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**